IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDG

Civil Case No. 05-cv-01670-LTB-BNB

STEVEN VUE,

       Plaintiff,

v.

VALLEYLAB, INC., a division of Tyco Healthcare Group, LP

       Defendant.

_____

ORDER
_____

       This matter is before me on Defendant's Motion to Dismiss and Brief in Support **[Doc # 5]** in which Defendant, Valleylab, Inc., a division of Tyco Healthcare Group, LP, seeks dismissal of the complaint filed by Plaintiff, Steven Vue, for insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(5). Oral arguments would not materially assist me in the determination of this motion. After consideration of the motion, the related pleadings and the case file, I DENY Defendant's motion.

       It is undisputed that Plaintiff filed his complaint in this matter on August 26, 2005, but then failed to serve the summons and complaint on Defendant until March 20, 2006, 206 days after suit was filed. Pursuant to Fed. R. Civ. P. 4(m), the time limitation for service of a summons and complaint is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that

defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Plaintiff does not dispute that he failed to timely serve the summons and complaint in this case on Defendant.

As an initial matter, I reject Plaintiff's contention that Fed. R. Civ. P. 4(m) only applies to "situations that involve uneffected [sic] summons and complaints" and, as a result, is not applicable here because although untimely, service has already been effectuated. Plaintiff does not provide this court with any legal citations, and research has not reveal any authority, to substantiate this unsupported argument.

In *Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995), the Tenth Circuit reviewed Fed. R. Civ. P. 4(m), and determined that the rule mandates an extension of time when the plaintiff has shown good cause for the failure to timely serve the complaint on a defendant. I agree with Defendant that Plaintiff has failed to show good cause why he failed to timely serve the summons and complaint. A plaintiff who seeks to rely on the good cause provision of Fed. R. Civ. P. 4(m) "must show meticulous efforts to comply with the rule." *In re Kirkland,* 86 F.3d 172, 176 (10th Cir. 1996). Plaintiff's sole assertion of "good cause" is his allegation that "Plaintiff's counsel, because of staff change, did not adequately list the service deadline date for this case." I conclude that this unexplained allegation does not constitute good cause for the purpose of a mandatory extension of time pursuant to Fed. R. Civ. P. 4(m). *Id.* at 174 (finding that good cause is narrowly interpreted and that inadvertence, neglect, or mistake of counsel "usually do not suffice" as good cause for untimely service). I further note that to the extent Plaintiff argues that Defendant had notice of a pending suit, "actual notice is not equivalent to a

showing of good cause" for failure to timely effect service. *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1439 (10th Cir.1994).

However, Fed. R. Civ. P. 4(m) also provides that a plaintiff who fails to show good cause, as here, "may still be granted a permissible extension of time within the court's discretion." *Espinoza v. U.S., supra,* 52 F.3d at 840; *see also Hunsinger v. Gateway Management Assocs.,* 169 F.R.D. 152, 154 (D. Kan. 1996). In his response brief, Plaintiff asserts that Defendant would not be prejudiced by an extension of time in that "Defendant was aware of Plaintiff's intent to file suit." He notes that Defendant failed to "specially enter an appearance and seek the dismissal of this lawsuit before service was effected." Plaintiff further argues that the advisory notes of Fed. R. Civ. P. 4(m) contemplate that "relief may be justified ... if the applicable statute of limitations would bar the refiled action," as may be the case here or, alternatively, if his claims are not time barred Plaintiff avers that he intend to refile. *But see Despain v. Salt Lake Area Metro Gang Unit*, *supra*, 13 F.3d at 1439 (although a statute of limitations problem may justify relief under Fed. R. Civ. P. 4(m), that factor alone is not determinative and does not make dismissal inappropriate).

Although I am not fully persuaded by the caliber of Plaintiff's arguments, and his claim that Defendant is not prejudiced by the untimely service of process, I am concerned with the possibility of a time limitation problem related to a dismissal and Plaintiff's ability to refile. As a result, in the exercise of my discretion under the permissive provision of Fed. R. Civ. P. 4(m), I rule that Plaintiff's time to serve the summons and complaint on Defendant is extended to March 20, 2006, making the service in this matter timely.

Accordingly, it is hereby ordered that Defendant's Motion to Dismiss **[Doc # 5]** is DENIED.

Dated: July   18  , 2006 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE